# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

JAMES MAYNARD, # 324608,

      Petitioner,

v.                                    ACTION NO.
                                     2:06cv252

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner James Maynard ("Maynard") was convicted in the Circuit Court of the City of Hampton of abduction, for which he was sentenced to a term of thirty years imprisonment, and car jacking, for which he was sentenced to a term of forty years imprisonment, with ten years suspended, to run concurrently with the abduction sentence.

Maynard's direct appeal of his convictions to the Court of Appeals of Virginia was denied

on March 12, 2004. On July 22, 2004, the Virginia Supreme Court refused Maynard's petition for appeal. Maynard then filed a petition for a writ of habeas corpus in the Circuit Court of the City of Hampton, which was refused on June 21, 2005. Petitioner's appeal of the circuit court's Order to the Virginia Supreme Court was dismissed on February 7, 2006, because Maynard failed to comply with Virginia Supreme Court Rule 5:17(c), which required him to list, as "Assignments of Error", the specific errors in the lower court proceedings upon which he intended to rely.

Maynard, presently in the custody of the Greensville Correctional Center in Jarratt, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 10, 2006. On August 10, 2006, Respondent filed a Rule 5 Answer and Motion to Dismiss. Maynard filed a response to the Motion to Dismiss on August 28, 2006. On September 6, 2006, the Respondent filed a reply to Maynard's response.

### B. Grounds Alleged

Maynard asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a)   he was denied due process by the Respondent's failure to respond to claims raised in his habeas appeal to the Virginia Supreme Court;

(b)   the trial court erred when it found the victim's testimony credible because it was incredible as a matter of law;

(c)   the prosecution engaged in prosecutorial misconduct when it withheld exculpatory evidence;

(d)   the prosecution violated Brady when it failed to provide him with exculpatory statements from witnesses;

(e)   the prosecution violated Brady when it failed to provide him with a surveillance recording that could have been used to impeach the victim's testimony;

(f)     his Fourteenth Amendment right to due process was violated because the trial court's sentence was excessive;

(g)     his Fourteenth Amendment right to due process was violated because the trial court erred when it improperly calculated the sentencing guidelines;

(h)     his Fourteenth Amendment right to due process was violated due to the discovery violations raised in Grounds (c), (d) and (e);

(i)     his rights under the Jencks Act were violated when the prosecution failed to disclose the victim's pretrial statement;

(j)     there was insufficient evidence to convict him of both abduction and car jacking;

(k)     there was insufficient evidence to convict him of both abduction and car jacking because those verdicts are inconsistent with his acquittal on his firearm charges;

(l)     he was denied the effective assistance of counsel due to his counsel's failure to:

    (i)     investigate and discover surveillance tapes relating to the incident;

    (ii)     object to the prosecution's failure to follow the rules governing discovery; and,

    (iii)     adequately cross-examine the victim to emphasize inconsistencies in his testimony.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Maynard raised Ground (b) in his direct appeal to the Virginia Supreme Court. Therefore, Ground (b) meets the exhaustion requirement. Grounds (c), (d), (e) and (l)(i) were raised in Maynard's appeal to the Virginia Supreme Court from the Circuit Court of the City of Hampton's denial of his state habeas petition. Those grounds, therefore, also meet the exhaustion requirement.

Grounds (a), (f), (g), (h), (i), (j), (k), (l)(ii), and (l)(iii) were not raised before the Virginia Supreme Court. Because the exhaustion requirement "refers only to remedies still available at the time of the federal petition," Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982), Maynard can satisfy the requirement "if it is clear that [Maynard's] claims are now procedurally barred under [Virginia] law," Castille v. Peoples, 489 U.S. 346, 351 (1989). See also Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). It must be noted that Maynard raised claims similar to Grounds (f) and (g) on direct appeal to the Virginia Supreme Court, where he asserted that the trial court imposed an excessive sentence based on an improper application of the facts to the state sentencing guidelines. In Grounds (f) and (g) of his instant petition, on the other hand, Maynard claims the sentence was excessive in violation of his Fourteenth Amendment right to due process. To meet the exhaustion requirement,

habeas petitioners must apprise the state court that the ruling "of which he complained was not only a violation of state law, but [that it also] denied him the due process of law guaranteed by the Fourteenth Amendment." Duncan v. Henry, 513 U.S. 364, 366 (1995). In the instant petition, Maynard alleges for the first time that his sentence offends his right to due process. Therefore, Grounds (f) and (g) were not raised before the Virginia Supreme Court and, like the other Grounds that were not raised before the Virginia Supreme Court, may only be exhausted if they are procedurally barred. See Anderson v. Harless, 459 U.S. 4, 6-7 (1982).

Virginia does bar Maynard from raising each of these claims on state habeas corpus now because he had knowledge of these claims at the time he filed his previous state habeas corpus petition and failed to raise the claims in that petition. See Va. Code Ann. § 8.01-654(B)(2) (2000). Therefore, Maynard has met the exhaustion requirement for the claims.

However, even if his claims meet the exhaustion requirement, under Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977), Maynard cannot raise in a federal habeas corpus proceeding any claim he did not first present to the Virginia Supreme Court unless he can show cause for failing to present the claim and prejudice resulting therefrom. Nowhere in his federal petition has Maynard shown the requisite cause and prejudice that this Court must find before considering the merits of the claims. Therefore, this Court finds that Grounds (a), (f), (g), (h), (i), (j), (k), (l)(ii), and (l)(iii) are defaulted on federal habeas and will not address the merits.

### B. State Procedural Rule

Maynard's Grounds (c), (d), (e) and (l)(i) were raised in his habeas petition to the Virginia Supreme Court filed on February 7, 2006, but were rejected by that court based upon a state procedural rule. The Virginia Supreme Court refused to consider these claims because the appeal

5

of those claims did not comply with the requirements of Virginia Supreme Court Rule 5:17(c), which requires the petitioner to list, as "Assignments of Error", the specific errors that occurred in the lower court proceedings upon which the petitioner intends to rely. Maynard's failure to sufficiently develop and clearly state the grounds for his assertion on appeal resulted in a procedural default. See Swisher v. Commonwealth, 506 S.E.2d 763, 767 (Va. 1998).

Clearly the Virginia Supreme Court's refusal to hear these claims rested squarely on the state procedural bar provided in the Virginia Supreme Court Rules. There was no interweaving of any federal law within Virginia's refusal to consider Maynard's claims. The Fourth Circuit has held,

> [a]bsent cause and prejudice or a miscarriage of justice, a federal court sitting in habeas may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule.

Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997) (internal citations omitted).

Virginia Supreme Court Rule 5:17(c) is an adequate and independent state procedural rule. See Hedrick v. True, 443 F.3d 342, 363 (4th Cir. 2006) (holding that Rule 5:17(c) is an adequate and independent state procedural rule and affirming the district court's dismissal of petitioner's claims based on that rule). Maynard has not shown that there is cause, prejudice, or a miscarriage of justice to excuse his procedural default. Therefore, this Court cannot now review claims that were procedurally defaulted in the Virginia Supreme Court. Accordingly, this Court recommends denying Maynard's Grounds (c), (d), (e) and (l)(i).

### C. Merits

Maynard previously asserted his claim that the trial court erred when it found the victim's testimony credible, Ground (b), to the Virginia Supreme Court in his direct appeal of his

6

convictions. Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[1] unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

The Virginia Supreme Court, on July 22, 2004, refused Maynard's petition for direct appeal direct appeal. Because the Virginia Supreme Court summarily rejected Maynard's petition for appeal, this Court will conduct an independent review of the applicable law to determine whether Maynard has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000). This independent review is limited to determining "whether the state

---

[1] The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." Bell v. Jarvis, 236 F.3d at 162. The Supreme Court has further admonished,

> factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(c)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

Miller-El v. Cockrell, 537 U.S. 322 (2003).

The evidence upon which the Virginia Supreme Court refused Maynard's petition for appeal consists of the trial testimony of the victim, Maynard, and several other witnesses that was offered at Maynard's bench trial. When considering a sufficiency of the evidence claim, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements . . . beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The judge, who was the fact-finder with the opportunity to personally observe and analyze each witness, stated before announcing his decision that, in consideration of all of the testimony from both the victim and Maynard, he had "absolutely no problem whatsoever believing [the victim's] version of what occurred to him on the evening of April the 7th, 2002." (Trial Transcript 275.) "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326. Here, the finder of fact stated on the record that, based on his credibility determination, he resolved conflicts in the testimony offered by Maynard and the victim in favor of the prosecution. Therefore, under the standard established for federal habeas review of state court fact determinations, this Court must defer to that resolution.

Accordingly, the Virginia Supreme Court's adjudication on the merits was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. It also has not resulted in a decision that was based on an unreasonable determination of the facts. Therefore, this Court recommends denial of Maynard's Ground (b).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Maynard's petition for writ of habeas corpus be DENIED and the Respondent's motion to dismiss be GRANTED.

Maynard's Grounds (a), (f), (g), (h), (i), (j), (k), (l)(ii) and (l)(iii) should be DENIED because they were never raised to the Virginia state courts and Maynard has shown no cause for failing to present the claim and no prejudice resulting therefrom which this Court must find before considering the merits of the claim.

Maynard's Ground (c), (d), (e), and (l)(i) should be DENIED because they were procedurally barred from review in the state courts and thus, may not now be considered in this federal Court.

Maynard's Ground (b) should be DENIED because it was previously adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions apply that would allow this Court to review the claim on the merits.

Maynard's request for an evidentiary hearing is hereby DENIED.

Maynard has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                            /s/
                                            Tommy E. Miller
                             UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

January 4, 2007


## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

James Maynard, # 324608
Greensville Correctional Center
H.U. 9-306
901 Corrections Way
Jarratt, VA 23870


Thomas Drummond Bagwell, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                        Fernando Galindo, Acting Clerk


                                                        By _____
                                                            Deputy Clerk

                                                          January   , 2007